UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| TAMARA B. REDMOND, | |
| Plaintiff, | Civil Action No. 9:23-cv-81443 |
| v. | |
| THE CREDIT PROS INTERNATIONAL, LLC, | |
| Defendant. | |

**DEFENDANT THE CREDIT PROS INTERNATIONAL, LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT [D.E. 1]
AND INCORPORATED MEMORANDUM OF LAW**

Defendant The Credit Pros International, LLC ("Credit Pros"), by and through the undersigned attorneys and pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), as well as Local Rule 7.1, hereby files this Motion to Dismiss the Complaint [D.E. 1] filed by Plaintiff Tamara B. Redmond ("Plaintiff"). In support of its Motion to Dismiss, Credit Pros incorporates the below Memorandum of Law and states as follows:

**INTRODUCTION**

Plaintiff seeks to assert claims against Credit Pros that sound in fraud under the Credit Repair Organization Act, 15 U.S.C. § 1679 *et seq*. ("CROA"). But to do so, as set forth in the Federal Rules of Civil Procedure, Plaintiff must allege such claims with particularity to safeguard Credit Pro's reputation from improvident charges of wrongdoing. This pleading requirement is of paramount importance where, as here, the threshold inquiry of "whether a company is a credit repair organization under the CROA **depends on the representations made**." *Plattner v. Edge Sols., Inc.*, 422 F. Supp. 2d 969, 974 (N.D. Ill. 2006) (emphasis added). Simply put, because Plaintiff's allegations are so bare-boned, Credit Pros (and even this Court)

cannot make that case dispositive, threshold determination because Plaintiff fails to plead her fraud-based claims with particularity. That should be no surprise as this lawsuit attempts to create fraud claims that simply do not exist for the sole purpose of seeking attorneys' fees. Accordingly, Credit Pros respectfully requests that the Court enter an Order dismissing the fraud-based claims attempted to be asserted in Plaintiff's Complaint.

## MEMORANDUM OF LAW

### I. STATEMENT OF FACTS

On October 31, 2023, Plaintiff filed her Complaint against Credit Pros. While Credit Pro's alleged relationship with Plaintiff was **contractual** in nature (Compl. ¶ 12), Plaintiff's Complaint seeks to assert claims pursuant to 15 U.S.C. § 1679b(a)(3)-(4) (Count I(a))[1] based on supposed guarantees, advice, suggestions, and representations of unknown Credit Pros representatives, allegedly uttered at unknown times and entirely devoid of context. Compl., ¶¶ 8-11, 16, 19-21, 29-32. Plaintiff alleges Credit Pros made the following guarantees, suggestions, and representations:

> 8. In approximately June of 2023, Plaintiff was looking for assistance with improving her credit score and began looking into various credit repair companies for assistance.
>
> 9. In connection therewith, Plaintiff came across Defendant and subsequently spoke with Defendant over the phone.
>
> 10. Defendant represented that its services would improve Plaintiff's credit, as Defendant would assess the information that was negatively impacting Plaintiff's credit, and subsequently submit disputes to the credit reporting agencies seeking to have that information removed.
>
> 11. Defendant affirmatively represented that the information would be disputed and would be removed from Plaintiff's credit, regardless of whether the

---

[1] Count I purports to assert additional disparate CROA violations against Credit Pros predicated entirely on technical violations of CROA. *See* Count I(b) (predicated on 15 U.S.C. § 1679b(b)), Count I(c) (predicated on 15 U.S.C. § 1679c), and Count I(d) (predicated on 15 U.S.C. § 1679d). These additional alleged CROA violations are not at issue in this Motion.

        disputed information was accurate or otherwise could properly be removed from Plaintiff's credit.

12.    Finding desirable the nature of Defendant's representations, Plaintiff subsequently **entered into a contract** with Defendant for its provision of services.  (emphasis added).

. . .

19.    Defendant falsely, deceptively, and misleadingly represented the increase in credit score that Plaintiff would experience, and did so in order to extract payments from Plaintiff in connection with services whose qualities and benefits were misrepresented to Plaintiff.

20.    Defendant further represented that it would, and upon information and relief subsequently did, submit disputes challenging information on Plaintiff's credit report without any indication that such information was inaccurate, obsolete, or could otherwise reasonably be removed from Plaintiff's credit reports.

21.    Defendant thus falsely, deceptively, and misleadingly represented to Plaintiff the extent to which it could have the accurate and correctly-reporting information removed from her credit.

There are no pertinent allegations elaborating or otherwise providing specificity to those reflected above, thus, Plaintiff seeks to rely on the foregoing to support her fraud-based claims. However, as addressed below, because the foregoing generalized allegations are not pleaded with particularity, Plaintiff's fraud-based claims must be dismissed pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

## II. STANDARDS OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level . . . ." *Twombly*, 550 U.S. at 555. Courts may not assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . law in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Conclusions in a pleading "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Furthermore, Federal Rule of Civil Procedure 9 provides, in pertinent part, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requirement is supplemental to the *Iqbal* pleading standards. *Young v. Grand Canyon Univ., Inc.*, 57 F.4th 861, 873 (11th Cir. 2023); *Francois v. Hatami*, 565 F. Supp. 3d 1259, 1265 (S.D. Fla. 2021). The Eleventh Circuit interprets "particularity" as requiring plaintiffs to specify (1) the statements contended to be fraudulent, (2) identify the

speaker, (3) state when and where the statements were made, and (4) explain why the statements were fraudulent. *Perkins v. Nat'l LGBTQ Task Force, Inc.*, 580 F. Supp. 3d 1236, 1239 (S.D. Fla. 2021) (citing *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)); *see Young*, 57 F.4th 861, 873 (11th Cir. 2023) (finding that the plaintiff failed to satisfy Rule 9(b)'s particularity requirement to plead who, what, when, how, and why); *see also Huang v. Chen*, 22-CV-60354, 2022 WL 18464362, at *2 (S.D. Fla. Sept. 7, 2022) (same). Dismissal of a fraud claim for failure to plead with particularity under Federal Rule of Civil Procedure 9(b) is treated as a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Jackson v. Anheuser-Busch InBev SA/NV, LLC*, 20-CV-23392, 2021 WL 3666312, at *4 (S.D. Fla. Aug. 18, 2021).

### III.   DISCUSSION

Plaintiff's fraud-based claims are predicated on 15 U.S.C. § 1679b(a)(3)-(4), which state, respectively:

> No person may make or use any **untrue or misleading representation** of the services of the credit repair organization.

15 U.S.C. § 1679b(a)(3) (emphasis added).

> No person may engage, directly or indirectly, in any act, practice or course of business that constitutes or results in the commission of, or an attempt to commit, a **fraud or deception** on any person in connection with the offer or sale of the services of the credit repair organization.

15 U.S.C. § 1679b(a)(4) (emphasis added).

"[I]t cannot be seriously disputed that [15 U.S.C. § 1679b(a)(3)-(4) claims] fall within the scope of Rule 9(b)." *Slack v. Fair Isaac Corp.*, 390 F. Supp. 2d 906, 911 (N.D. Cal. 2005); *see also Browning v. Yahoo! Inc.!*, No. C04-01463HRL, 2004 WL 2496183 (N.D. Cal. Nov. 4, 2004); *Millett v. Equifax Info. Services, LLC*, 1:05-CV-2122-BBM, 2006 WL 8432555, at *2 (N.D. Ga.

Mar. 27, 2006); *Sancho v. Davidson*, 3:05-CV-883 (RNC), 2006 WL 8448126, at *1 (D. Conn. Mar. 3, 2006). This is so where, as here, such fraud-based CROA claims "rely almost exclusively on defendant['s] allegedly 'misleading and deceptive conduct [, which] conduct 'sounds in fraud' even if it would not necessarily give rise to a cause of action for deceit at common law." *Slack*, 390 F. Supp. 2d at 911-912.

Here, the Complaint's limited and conclusory allegations reveal Plaintiff seeks to rely upon purported guarantees, suggestions, and deception as to the nature of the credit repair services that Credit Pros allegedly provided Plaintiff, as well as Credit Pros' purported representation that its services would be able to improve Plaintiff's credit in asserting her fraud-based CROA claims. Compl., ¶ 10. But Plaintiff's reliance is misplaced because her Complaint noticeably fails to allege the circumstances and representations made by Credit Pros constituting fraud with any particularity (and independent from the alleged contract Plaintiff and Credit Pros entered into) as required by Rule 9(b). Indeed, the Complaint fails to allege, *inter alia*:

1. the identity of the speaker, including said speaker's relationship to Credit Pros, *see* Compl., ¶¶ 9 ("Plaintiff came across Defendant and subsequently spoke with Defendant over the phone."), 10 ("Defendant represented that its services would improve Plaintiff's credit . . ."), 19 ("Defendant falsely, deceptively, and misleadingly represented the increase in credit score that Plaintiff would experience . . ."), 20 ("Defendant further represented that it would, and upon information and belief subsequently did, submit disputes challenging information on Plaintiff's credit report without any indication that such information was inaccurate, obsolete, or could otherwise reasonably be removed from Plaintiff's credit reports.");

2. when the statements were made, *see* Compl., ¶ 8 ("In approximately June 2023, Plaintiff was looking for assistance with improving her credit score and began looking into various credit repair companies . . .");

3. where the statements were made, *see* Compl., ¶ 11 ("Defendant affirmatively represented that the information would be disputed and would be removed from Plaintiff's credit, regardless of whether the disputed information was accurate or otherwise could properly be removed from Plaintiff's credit.");

4. how the statements were false, *see* Compl., ¶ 21 ("Defendant thus falsely, deceptively, and misleadingly represented to Plaintiff the extent to which it could have the accurate and correctly-reporting information removed from her credit.");

5. the intent of the speaker when making the statements, *see, generally,* Compl.; and

6. the complete content and context of the statements, *see, generally,* Compl.

It is well-settled that these are vital and necessary allegations that Plaintiff must assert as required by Rule 9's heightened pleading standard that serves "to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit." *Sancho v. Davidson*, 3:05-CV-883 (RNC), 2006 WL 8448126, at *1 (D. Conn. Mar. 3, 2006) (quoting *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 767 (2d Cir. 1991)); *see also Cardenas v. Toyota Motor Corp.*, 418 F. Supp. 3d 1090, 1098 (S.D. Fla. 2019); *Steves & Sons, Inc. v. Trinity Glass Intern., Inc.*, CIV.A. SA06CV357XR, 2007 WL 1556743, at *3 (W.D. Tex. May 25, 2007). And, pursuant to the applicable case law, these necessary allegations are vital to determine whether Credit Pros is a credit repair organization under the CROA in the first instance. *See Plattner*, 422 F. Supp. 2d at 974. Without these allegations, Credit Pros (and even this Court) cannot make this case dispositive, threshold determination.

At its core, the Complaint simply alleges someone(s) made some representation(s) at some time(s) from some location(s) in some medium(s) that Credit Pros could somehow "improve Plaintiff's credit" but Credit Pros "failed to deliver the results or provide the services in the manner represented." Compl., ¶¶ 10, 15. This does not come close to complying with Rule 9(b)'s heightened pleading standard. *See e.g.*, *Ermolaev v. Happy Land FL, LLC*, 20-24480-CIV, 2021 WL 7084645, at *7 (S.D. Fla. Apr. 16, 2021) (Cannon, J.) ("Plaintiff does not meet the standard required to establish a claim of fraud by specifying exactly what false statements were made, when,

and by whom."). As a result, this Court should enter an Order dismissing the fraud-based claims attempted to be asserted in Plaintiff's Complaint; particularly in light of the contract Plaintiff alleges it entered into with Credit Pros for its provisions of services. *See* Compl. ¶ 12.

## CONCLUSION

Plaintiff's fraud based CROA claim (Count I(a)) recites the respective statutory language at issue but noticeably fails to allege any circumstances of fraud with particularity as required by Federal Rule of Civil Procedure 9(b). As a result, such claim should be dismissed.

**WHEREFORE**, Defendant, Credit Pros International, LLC, respectfully requests this Court enter an Order granting the instant Motion, dismissing Plaintiff's Complaint [D.E. 1], and granting any such further and other relief in favor of Credit Pros as this Court deems just and proper.

Dated: January **2**, 2024.   Respectfully submitted,

By: */s/ Jamey R. Campellone*
LAWREN A. ZANN
Fla. Bar No. 42997
Email: lawren.zann@gmlaw.com
Email: gabby.mangar@gmlaw.com
JAMEY R. CAMPELLONE
Fla. Bar No. 119861
Email: jamey.campellone@gmlaw.com
Email: gabby.mangar@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-6296
Fax: (954) 333-4027

*Attorneys for The Credit Pros International, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **2nd** day of January 2024, a copy of the foregoing Defendant's Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

By: */s/ Jamey R. Campellone*
JAMEY R. CAMPELLONE